IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:18CR108-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **FINAL ORDER AND** |
| v. | ) | **JUDGMENT OF FORFEITURE** |
| | ) | |
| SHI YUN ZHOU | ) | |

THIS MATTER is before the Court on Motion of the United States of America, pursuant to Fed. R. Crim. P. 32.2(c), for a Final Order and Judgment of Forfeiture. For good cause shown, this Court hereby GRANTS the Motion. This Courrt FINDS AS FOLLOWS:

**I.   Background**

On March 21, 2018, a Grand Jury returned an Indictment (Doc. 3) against Defendant, charging him with, *inter alia*, narcotics trafficking and money laundering offenses. The Indictment contained a finding of probable cause for forfeiture of a variety of items that facilitated controlled substances offenses, were proceeds of controlled substances offenses, and were involved in money laundering. The items included, among other items, the items identified for final forfeiture herein.

On August 23, 2018, Defendant pled guilty (Doc. 22) via Plea Agreement (Doc. 20) to controlled substance conspiracy and money laundering conspiracy charges set forth in the Indictment. On January 30, 2019, this Court issued a Consent Order and Judgment of Forfeiture (Doc. 33) for, among other items, the funds, currency, vehicles, and real properties identified for final forfeiture herein. On the same day, this Court also issued a Second Consent Order and Judgment of Forfeiture (Doc. 34) for three firearms seized in this case.

Beginning on January 30, 2019 and continuing for thirty days, the United States published notice (Doc. 39-1) of forfeiture of the items in the Consent Order and Second Consent Order. Further, on February 4, 2019 and February 5, 2019, the United States sent personal notice of the Consent Order and Second Consent Order to the following recipients, via Federal Express, notifying each recipient of this forfeiture action and the Government's intent to dispose of all forfeited property in accordance with law, and further notifying each recipient of the right to submit a verified claim to this Court within thirty days of receipt of the notice:

| **NOTICE RECIPIENT** | **DATE RECEIVED** |
| --- | --- |
| Lili Bian | Received 02/06/2019 |
| Lili Bian c/o Anthony Scheer | Received 02/06/2019 |
| Guoen Zhou | Received 02/06/2019 |
| Reginald Bradshaw | Received 02/06/2019 |
| James Thomas Barham | Received 02/06/2019 |
| Patrick Wannamaker | Received 02/07/2019 |

On May 24, 2019, the United States filed a Notice (Doc. 43) in this case, indicating that administrative forfeiture of a Maserati vehicle, two Mercedes vehicles, an Audi vehicle, a Porsche vehicle, and three items of gold jewelry had concluded and no further order on such items was necessary in this case.[1] Then, on July 5, 2019, on Motion (Doc. 47) of the United States and pursuant to an agreement between the United States and potential claimant Lili Bian, this Court

---

[1] The United States also now advises that DEA has issued a Declaration of Forfeiture for the $11,170 in currency seized from Bian's residence at 5841 Five Knolls Drive, Charlotte, North Carolina. Therefore, the United States does not request a final order for that currency and that currency is not identified herein for final forfeiture.

dismissed (Doc. 48) $300,000 in funds and the real property at 5841 Five Knolls Drive, Charlotte, North Carolina from the Consent Order.

No petitions have been filed in this action and the time for filing petitions has expired. Therefore, this Court may now issue a Final Order and Judgment Confirming Forfeiture of the remaining items in this case that have not been administratively forfeited or dismissed from the Consent Order and Second Consent Order. Defendant maintained an interest, by virtue of title, possession, source of funding, and/or control, in each of the items remaining for final forfeiture.[2]

**II.    Legal Conclusions**

Pursuant to Rule 32.2(c)(2), if no third party files a timely petition, the preliminary order becomes the final order of forfeiture if the Court finds that the defendant (or any combination of defendants convicted in the case) had an interest in the property that is forfeitable under the applicable statute. Based on the record, Rule 32.2(c)(2) is satisfied and the Court may now confirm the Consent Order and Judgment of Forfeiture and Second Consent Order and Judgment of Forfeiture as the Final Order and Judgment of Forfeiture to give the Government clear title to the forfeited assets.

It is therefore ORDERED:

In accordance with Rule 32.2(c)(2), the Consent Order and Judgment of Forfeiture and Second Consent Order and Judgment of Forfeiture are confirmed as final. All right, title, and interest in the following property, whether real, personal, or mixed, has therefore been forfeited to

---

[2] The United States maintained throughout the investigation and prosecution that Defendant often funded the purchase of items that were eventually titled in the names of family members and/or placed in the possession of his family, friends, and acquaintances.

the United States for disposition according to law pursuant to Fed. R. Crim. P. 32.2, 21 U.S.C. § 853, 18 U.S.C. § 982, and/or 28 U.S.C. § 2461(c), and the United States shall take or maintain possession of such properties, have clear title to the properties, and warrant good title as set forth in 21 U.S.C. § 853(n)(7):

- Approximately $530.47 in funds seized from Wells Fargo Account XXXXXX3719, such account held in the name of Shi Yun Zhou;

- Approximately $12,510.95 in funds ($62,510.95 in funds initially seized, less $50,000 returned) seized from Wells Fargo Account XXXXX0798, such account held in the names of Shi Yun Zhou and LiLi Bian;

- Approximately $1,264.03 in funds seized from BB&T Account XXXXXX9964, such account held in the name of Ace Aesthetics, LLC;

- Real property at 4615 Harper Court, Charlotte, North Carolina, more particularly described in a document at Book 59, Page 246 in the Mecklenburg County Public Registry;

- Real property at 333 West Trade Street, Unit #1106, Charlotte, North Carolina, more particularly described in a document at Book 19768, Page 886 in the Mecklenburg County Public Registry;

- Approximately $144,019.55 in funds seized from Wells Fargo Account XXXXXXXX2622, such account held in the name of LiLi Bian;

- Approximately $65,545.69 in funds ($115,545.69 in funds initially seized, less $50,000 returned) seized from First Citizens Account XXXXX9913, such account held in the name of LiLi Bian;

- Approximately $259,869.30 in funds ($409,869.30 in funds initially seized, less $150,000 returned) seized from BB&T Account XXXXXX6537, such account held in the name of LiLi Bian;

- Approximately $90,921.91 in funds ($140,921.91 in funds initially seized, less $50,000 returned) seized from PNC Account XXXXXX9898, such account held in the name of LiLi Bian;

- Approximately $18.09 in funds seized from First Citizens Account XXXXX5851, such account held in the name of LiLi Bian;

- Approximately $215,770.66 in funds seized from Bank of America Account XXXXXXXX6828, such account held in the name of LiLi Bian and Gouen Zhou;

- Approximately $274,735.67 in funds seized from SunTrust Account XXXXXXXX4978, such account held in the name of LiLi Bian and Gouen Zhou;

- Approximately $215,106 in currency seized from Zhou's residence at 4615 Harper Court;

- One Kel-Tec, .22 caliber pistol bearing serial number WW9S61, magazine, and ammunition, seized during the investigation;

- One Ruger 223 AR Rifle bearing serial number 852-92015, magazine and ammunition, seized during the investigation; and

- One Ruger 9mm pistol bearing serial number 337-54136, magazine and ammunition, seized during the investigation.[3]

SO ORDERED.

Signed: July 17, 2019

_____
Frank D. Whitney
Chief United States District Judge

---

[3] The PNC accounts identified in the Consent Order, as well as BB&T account 9972 identified in the Consent Order, ultimately were closed prior to seizure, and/or the accounts did not maintain balances to seize. Therefore, those accounts are not identified in this Final Order.